UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER MAISTRELLO ) | |
| ) | |
| Plaintiff, ) | Case No.  20-6376 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA; ) | |
| UNITED STATES CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES; ) | |
| CHAD WOLF, Acting Secretary of the ) | |
| Department of Homeland Security; ) | |
| KENNETH THOMAS CUCCINELLI, ) | |
| Director of the United States Citizenship ) | |
| and Immigration Services; ) | |
| SUSAN DIBBINS, ) | |
| Chief, Administrative Appeals Unit; ) | |
| LOREN K. MILLER, ) | |
| Director, Nebraska Service Center ) | |
| ) | |
| Defendants. ) | |

COMPLAINT

NOW COMES Plaintiff WALTER MAISTRELLO and complains of the Defendants as follows:

NATURE OF THE ACTION

1.    Plaintiff Walter Maistrello brings this action to challenge the denial of his I-601 Application for Waiver of Grounds of Inadmissibility.

2.    Defendant United States Citizenship and Immigration Services' ("USCIS") and the Defendants acting on behalf of USCIS denied Mr. Maistrello's waiver petition because they found him ineligible pursuant to INA 212(a)(2)(A)(i)(II) for violating a law or regulation relating to a controlled substance.

3. Mr. Maistrello seeks a declaration that the Defendants' decision violated the Administrative Procedure Act because it was arbitrary and capricious.

4. As a result of Defendants' improper acts, the Court should order Defendants to reopen and adjudicate Mr. Maistrello's I-601 petition.

## JURISDICTION

5. Jurisdiction of the Court is predicated upon 28 U.S.C. §1331 and §1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a Defendant. This Court also has jurisdiction over the present action pursuant to 28 U.S.C. §2201, the Declaratory Judgment Act; 5 U.S.C. §702, the Administrative Procedures Act; and 28 U.S.C. § 361, regarding an action to compel an officer of the United States to perform his or her duty.

6. The Administrative Procedure Act ("APA") provides a waiver of sovereign immunity as well as a cause of action. 5 U.S.C. § 702.

## STANDING

7. The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. §702. Defendants' improper denial of Mr. Maistrello's I-601 petition has adversely affected Mr. Maistrello's ability to obtain legal status in the United States. Mr. Maistrello thus falls within the APA's standing provisions.

## VENUE

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1), because Defendants reside in this district.

PARTIES

9. Plaintiff WALTER MAISTRELLO is a national and citizen of Italy. He currently resides in Italy. He is the Applicant for the I-601 Visa.

10. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS") is a bureau within the Department of Homeland Security ("DHS") and is responsible for the administration and enforcement of the Immigration and Nationality Act ("INA") and all other laws relating to the immigration and naturalization of non-citizens.

11. Defendant CHAD WOLF is the Acting Secretary of DHS. The Homeland Security Act of 2002, Pub.L.107-296, created DHS to perform the duties of the Immigration and Naturalization Service. Secretary Wolf's responsibilities are set forth in 8 U.S.C. §§ 1103(a)(1)-(3), among which are: to administer and enforce the Immigration Act and all other laws relating to the immigration and naturalization of aliens; to control, direct and supervise all employees; to establish such regulations, issue such instructions, and perform such other acts deemed necessary for carrying out her authority; and to require any employee of the Service or the Department of Justice to perform or exercise any of the powers, privileges, or duties conferred or imposed by this Act or regulations issued thereunder upon any other employee of the Service. Mr. Wolf is sued in his official capacity.

12. Defendant KENNETH CUCCINELLI is the Director of USCIS, a position created by Section 451 of the Homeland Security Act. Pursuant to Section 451 of the Homeland Security Act, Defendant Mayorkas administers the provisions of the Immigration Act through his agents and officials of USCIS, which functions were previously performed by the Commissioner and District Directors of the Immigration and Naturalization Service. He oversees the operations of personnel of USCIS, who adjudicate visa petitions filed by or on behalf of aliens, applications

for permanent residency status, and appeals from any action denying such petitions. Mr. Cuccinelli is sued in his official capacity.

13.     Defendant SUSAN DIBBINS is chief of the Administrative Appeals Unit of USCIS ("AAO"), which is an office authorized by 8 C.F.R. § 1003(a)(1)(iv) under the appellate jurisdiction of the Associate Commissioner of Examinations to review actions of USCIS. Ms. DIBBINS is sued in her official capacity.

14.     Defendant LOREN K. MILLER is the Director of the Nebraska Service Center of USCIS, located in Lincoln, Nebraska. She has authority to adjudicate I-601 Waiver petitions. Ms. Miller is sued in her official capacity.

## LEGAL BACKGROUND

15.     According to INA 212(a)(2)(A)(i)(II), "any alien convicted of, **or who admits having committed**, or who admits committing acts which constitute the essential elements of… (II) a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, **or a foreign country relating to a controlled substance** (as defined in section 802 of title 21) … **is inadmissible**." (emphasis added)

16.     According to INA 212(h), "The Attorney General may, in his discretion, waive the application of [INA 212(a)(2)(A)(i)(II)]… in the case of an **immigrant who is the spouse**, parent, son, or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in **extreme hardship to the United States citizen** or lawfully resident **spouse**, parent, son, or daughter of such alien…" (emphasis added)

## FACTUAL BACKGROUND

17.     Mr. Walter Maistrello is an Italian Citizen who has resided in Italy his entire life.

4

18. Mr. Maistrello has a rudimentary understanding of the English language. He only uses English for simple tasks such as ordering food, asking for directions, or conversing with his wife.

19. Mr. Maistrello married Ms. Angela Kirke, a United States Citizen on November 24, 2013.

20. Ms. Kirke subsequently lodged a I-130 Immediate Relative petition for Mr. Maistrello. Their I-130 Petition was approved on May 13, 2014.

21. Mr. Maistrello subsequently sought an Immigrant Visa to enter the United States.

22. The United States Consulate in Naples, Italy scheduled Mr. Maistrello for an interview for his Visa on July 16, 2014.

23. The day prior to the interview, as part of the requirements to demonstrate good health for immigration, Mr. Maistrello attended a medical examination appointment at the *Istituto Diagnostico Varelli* in Naples, Italy.

24. It was at the medical examination that Mr. Maistrello admitted to his legal use of recreational drugs in Italy from 2000 to 2012.

25. Since 1994, the Italian government made the personal use of drugs legal. One can have a certain quantity of drugs for personal use without breaking any laws.

26. The next day on, July 16, 2014 at his Consular Interview, several questions were asked by the Consular Officer regarding Mr. Maistrello's drug use.

27. The questions were all posed in English and there were no interpreters available. The Consular Officer also forbade Ms. Kirke from intervening during the questioning.

28. The Consular Officer asked Mr. Maistrello to admit that his use of drugs was illegal.

29. With Mr. Maistrello's limited English proficiency and his understanding that drug use was in fact legal in Italy, Mr. Maistrello misinterpreted the Consular Officer's question.

30. Mr. Maistrello wanted to demonstrate his rehabilitation from his drug use. He only admitted to the use of drugs as being wrong.

31. Subsequently, on July 16, 2014 the Consular Officer denied Mr. Maistrello's Visa on the basis of Section 212(a)(2)(A)(i)(II), for violation of laws relating to a controlled substance. **EXHIBIT A**.

## PROCEDURAL HISTORY

32. On November 13, 2014, Mr. Maistrello applied for a Waiver of the grounds of Ineligibility by filing I-601 with the USCIS Nebraska Service Center.

33. USCIS denied Mr. Maistrello's I-601 Waiver Application on June 4, 2015. The cited reasons for denial was pursuant to INA 212(h), inadmissibility due to a controlled substance violation can only be waived for a single offense for simple possession of 30 grams or less of marijuana. **EXHIBIT B**.

34. Mr. Maistrello's subsequently filed appeal on form I-290B, Motion to Reopen the USCIS Decision.

35. However, on September 29, 2016, USCIS denied Mr. Maistrello Motion without prejudice on the basis that the appeal was untimely filed. **EXHIBIT C**.

36. On February 1, 2017, Mr. Maistrello filed another form I-290B, Motion to Reopen the USCIS Decision.

37. However, on May 1, 2017, USCIS again denied Mr. Maistrello Motion without prejudice on the basis that the appeal was untimely filed. **EXHIBIT D**.

38. Mr. Maistrello then reapplied for a I-601 Waiver on June 6, 2018.

39. On May 2, 2019, USCIS again denied Mr. Maistrello on the same grounds – that pursuant to INA 212(h), a controlled substance violation can only be waived for a single offense for simple possession of 30 grams or less of marijuana. **EXHIBIT E**.

40. Mr. Maistrello then lodged another I-290B appeal directly to the AAO. On appeal, Mr. Maistrello argued that his admission to the Consular Officer that he had previously been addicted to drugs is not a valid admission of a crime for immigration purposes.

41. Mr. Maistrello's Appeal was denied by AAO decision dated January 24, 2020. In its denial, the AAO again concluded Mr. Maistrello declared that "from 2000 to 2012 he had problems of addiction to heroin and cocaine." Therefore, applying USCIS's reasoning, the AAO concluded Mr. Maistrello's "controlled substance violation was not related to a single offense of simple possession of 30 grams or less of marijuana as required for a waiver under section 212(h)." **EXHIBIT F**.

## COUNT ONE
(Violation of the Administrative Procedure Act)

42. Mr. Maistrello repeats, alleges, and incorporates the foregoing paragraphs as if fully set forth herein.

43. Mr. Maistrello has been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq.

44. Defendants has erroneously denied Mr. Maistrello's I-601 Waiver Petition because they failed to properly interpret and apply the requirements of INA 212(h).

45. Specifically, Defendants denied Mr. Maistrello's I-601 Waiver Petition because they believe Mr. Maistrello committed a controlled substance violation.

46. However, Defendants have erroneously interpreted Section 212(a)(2)(A)(i)(II), for violation of laws relating to a controlled substance.

47. As a mater of fact, Mr. Maistrello has not committed any such controlled substance violation(s).

48. Mr. Maistrello's admission to the legal use of drugs in Italy does not constitute a controlled substance violation.

49. Defendants failed to enforce and administer the provisions of INA 212(h) and 212(a)(2)(A)(i)(II) in conformity with Congressional intent.

50. Defendants acted arbitrarily, capriciously, and contrary to law in violation of the Administrative Procedure Act by denying Mr. Maistrello's I-601 Waiver Petition.

51. Mr. Maistrello has exhausted all administrative remedies available to him as of right.

52. Mr. Maistrello has no other recourse to judicial review other than by this action.

WHEREFORE, Plaintiff prays that this Court:

A. Declare Defendants' denial of Walter Maistrello's I-601 Waiver Application to be in violation of the Administrative Procedure Act because it was arbitrary and capricious;

B. Order Defendant USCIS to immediately reopen and adjudicate Walter Maistrello's I-601 application;

C. Grant attorneys' fees and costs pursuant 28 U.S.C. §2412, 28 U.S.C. §1920, Fed. R. Civ. P. 54(d) and other authority; and

D. Grant any other relief the Court deems appropriate and just.

Dated: August 12, 2020

Respectfully submitted,

By: s/ Yifei He

Law Office of Yifei He PLLC
2 Wall Street 20th Floor
New York NY 10005
Phone: (917) 477-7818
Fax: (917) 793-4065
Attorney for Walter Maistrello